UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| JAMES KIRBY BOYTER, | ) | CIV. 12-5035 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING** |
| vs. | ) | **PLAINTIFF'S MOTIONS** |
| | ) | **FOR DISCOVERY** |
| PENNINGTON COUNTY SHERIFF'S | ) | [DOCKET NOS. 27 & 28] |
| DEPARTMENT; SHERIFF KEVIN | ) | |
| THOM; JAIL COMMANDER JAMES | ) | |
| ROWENHORST; MIKE PETERSON OF | ) | |
| BUILDING AND GROUNDS; and | ) | |
| PENNINGTON COUNTY AUDITOR, | ) | |
| | ) | |
| Defendants. | | |

This matter is before the court on a complaint filed by James Kirby Boyter representing himself *pro se*, alleging claims under 42 U.S.C. § 1983 arising out of his detention at the Pennington County Jail during September of 2013. See Docket Nos. 1 and 5. Specifically, Mr. Boyter alleges that a toilet in his cell ran constantly and caused him to have ringing in his ears and to lose feeling in the backs of his thighs. Id. The district court, the Honorable Jeffrey L. Viken, Chief Judge, referred this case to this magistrate judge for management of pretrial motions, either through issuance of an order or a report and recommendation. See Docket No. 23; 28 U.S.C. § 636(b)(1)(A) and (B).

On September 8, 2014, Mr. Boyter filed a motion for discovery in which he requests various documents. See Docket No. 27. He also filed a motion seeking disclosure of the names of various witnesses. See Docket No. 28. Defendants filed responses in which they state that Mr. Boyter never served them

with discovery requests. See Docket Nos. 29 & 30. Defendants request that the court deny Mr. Boyter's motions. Id.

The court agrees that denial of the motions is appropriate. Civil discovery is in federal courts is governed by the Federal Rules of Civil Procedure. Mr. Boyter's attention is drawn especially to Rules 26, 30, 31, 33, 34, 35, 36, and 37. The discovery process is designed to take place largely between the parties, without court intervention. To that end, if one party wishes to obtain copies of documents that are in the possession of the other party, the requesting party serves the possessing party with a formal request for those documents pursuant to Rule 34, describing with particularity each document or category of documents desired. See FED. R. CIV. P. 34. The party in possession of the documents then has 30 days to either produce copies of the documents, or to object to the request, stating reasons why the party should not have to produce the documents. Id.

Similarly, if a party wishes to know the identity of a witness or witnesses, or other facts, the party may serve on the other party interrogatories pursuant to Rule 33 describing with particularity the facts which the party wishes to discover. See FED. R. CIV. P. 33. The other party then has 30 days to respond. Id.

The court becomes involved only when a dispute arises between the parties as to the permissibility of some discovery issue. See FED. R. CIV. P. 37. Before a party may file a discovery motion seeking to have the court intervene, that

party must confer in good faith with the other party in an effort to resolve the dispute without involving the court.  Id.  Any discovery motion filed with the court must include the movant's certification that he has complied with this duty to confer with the other party in good faith before filing the motion.  Id.

Here, Mr. Boyter's motion is deficient in all respects.  He did not first serve the defendants with requests for discovery pursuant to Rules 33 and 34.  Even if he had done so, his motion would not be considered by the court without the certification that he first tried in good faith to resolve the issue with defendants before filing the motion.  Mr. Boyter's motion lacks this certification also.  Accordingly, good cause not appearing, it is hereby

ORDERED that Mr. Boyter's motion for discovery [Docket No. 27] and motion for the disclosure of witnesses [Docket No. 28] are denied.  Mr. Boyter is directed to read the applicable Rules of Civil Procedure and to comply with those rules.

Dated October 20, 2014.

                                BY THE COURT:

                                /s/ *Veronica L. Duffy*
                                VERONICA L. DUFFY
                                UNITED STATES MAGISTRATE JUDGE