UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JAMES BOYTER, a/k/a JAIMIE BOYDER, a/k/a JAMES BOYDER, a/k/a JAMES KIRBY BOYTER,<br><br>          Plaintiff,<br><br>     vs.<br><br>PENNINGTON CO. SHERRIF DEPT.; KEVEN THOM, Pennington County Sheriff at Pennington County Jail; JAMES ROWN HORST, Jail Commander at Pennington County Jail; MIKE PETERSON, Supervisor and Building and Grounds at Pennington County Jail; and PENNINGTON COUNTY AUDITOR, County Lawyer at Pennington County,<br><br>          Defendants. | CIV. 13-5072-JLV<br><br>ORDER |

## INTRODUCTION

Pending before the court is plaintiff James Boyter's *pro se* complaint pursuant to 42 U.S.C. § 1983. Mr. Boyter is an inmate currently incarcerated at the federal correctional institute in Seagoville, Texas.[1] (Docket 48). The court previously granted Mr. Boyter's motion to proceed *in forma pauperis*. (Docket 9 at p. 3). Mr. Boyter alleges defendants violated his constitutional rights by confining him in a jail cell with a toilet that flushed loudly and for long periods of time. (Docket 5). The court referred the case to Magistrate Judge Veronica L. Duffy. (Docket No. 23). Defendants and Mr. Boyter filed cross-motions for summary judgment. (Dockets 32 & 38). The magistrate judge filed a report recommending the court grant defendants' motion for summary judgment and deny

---

[1]Footnote one of the magistrate judge's report and recommendation is amended to update Mr. Boyter's new location. See Docket 40 at p. 2 n.1.

plaintiff's motion for summary judgment.  (Docket 40).  Mr. Boyter filed objections to the magistrate judge's report and recommendation.  (Docket 42).  Mr. Boyter filed a motion for leave to amend the complaint subsequent to the magistrate judge's report and recommendation.  (Docket 45).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections.  Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(l).  The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  After careful review of the record, the court adopts the findings and recommendations of the magistrate judge, as modified by this order.  The court grants defendants' motion for summary judgment and denies Mr. Boyter's motion for summary judgment.

## DISCUSSION

Mr. Boyter raises four objections to the magistrate judge's report and recommendation.  Mr. Boyter's objections, liberally construed,[2] are:

1. The magistrate judge improperly concluded he did not explain the duration of the toilet problem;

2. The defendants admitted negligence;

3. Mr. Boyter is in the process of seeking leave to amend the complaint; and

4. The magistrate judge's qualified immunity analysis reaches an incorrect result.

See Dockets 42 at pp. 1, 3; 45.

---

[2]The court is mindful that "pro se complaints are to be construed liberally. . . ."  Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

1.   **Mr. Boyter's Time with the Toilet**

Mr. Boyter objects to the magistrate judge's statement that "Mr. Boyter does not explain how long the toilet problem went on, but he does state that 'as soon as I sent [a] letter of intent they came and actually fixed [the] problem.'"  (Docket 40 at p. 2) (quoting Docket 5 at p. 4 (the amended complaint)).   Mr. Boyter references a Turnkey email correspondence between himself and Sgt. Weitgerts as evidence:

> [He] went to guards on pod who have went to maintince [sic], [I] have talk[ed] to cprl,sgt [sic], [I] had maint [sic] tell me toilits [sic] were fixed this has been going on since [I] was placed in cell block 3which [sic] was 3 months ago the toilits [sic] flushing and continue to run for extanded [sic] periods . . . this is notifaction [sic] a law suit is following do [sic] to lack of progress on this matter . . . .

(Docket 34-3).

The court first notes the magistrate judge's quotation of Mr. Boyter's language from the amended complaint is correct.   Compare Docket 40 at p. 2, with Docket 5 at p. 4.

"When ruling on a summary judgment motion, the district court may consider only the portion of the submitted materials that is admissible or useable at trial."   Walker v. Wayne Cnty., Iowa, 850 F.2d 433, 434 (8th Cir. 1988) (citing Anderson v. Roberts, 823 F.2d 235, 238 (8th Cir. 1987)) (further citations omitted).   "Thus, without a showing of admissibility, a party may not rely on hearsay evidence to support or oppose the motion."   Id. 850 F.2d at 435 (citing Pink Supply Corp. v. Hiebert, Inc., 788 F.2d 1313, 1319 (8th Cir. 1986) (further citations omitted).

Defendants rely on Mr. Boyter's Turnkey email to demonstrate the date on which Pennington County Jail personnel became aware of Mr. Boyter's complaint of a malfunctioning toilet.  See Docket 35 at ¶¶ 9-10.  Defendants do not rely on the email for the underlying truth of Mr. Boyter's assertions. Conversely, Mr. Boyter relies on his statements in the email for the truth of the matter asserted, namely that his toilet has been malfunctioning for three months and he indicated that to the jail's guards at an unspecified time in the past.  Mr. Boyter's Turnkey email is inadmissible hearsay under Fed. R. Evid. 802.  See, e.g., Am. Home Assur. Co. v. Greater Omaha Packing Co., No. 8:11CV270, 2014 WL 1455575, at *2 (D. Neb. Apr. 14, 2014).  Because Mr. Boyter's email constitutes inadmissible hearsay evidence, the court does not consider the email for the truth of the matter asserted in resolving the parties' cross summary judgment motions.  See Fed. R. Civ. P. 56(c)(2) & (4). Mr. Boyter also failed to adduce any admissible evidence by affidavit or otherwise.

To the extent Mr. Boyter seeks to use the Turnkey email to demonstrate he was subjected to multiple defective toilets while housed at the Pennington County Jail, Mr. Boyter failed to submit any evidence to that effect and did not object to the defendants' statement of undisputed material facts.[3]  See Docket

---

[3]Mr. Boyter's jailhouse records indicate he was housed in: cell block 3 from May 2, 2013 to May 31, 2013; cell block 10 from May 31, 2013 to June 26, 2013; cell block 12-13 from June 26, 2013 to August 23, 2013; and cell block 4 from August 23, 2013 to October 30, 2013.  (Docket 34-1).  Thus, Mr. Boyter's assertion that he has been subjected to defective toilets "since [he] was placed in cell block 3[,] which was 3 months ago" implies that the intervening toilets in the separate cell blocks were also defective.  Mr. Boyter produced no admissible evidence in support of this assertion.

4

35 at ¶ 6 ("At all times relevant Boyter resided in cell 4 of cellblock 4.").  The magistrate judge correctly refused to rely on the assertions contained in Mr. Boyter's Turnkey email.

The magistrate judge correctly determined Mr. Boyter first complained of the defective toilet on September 15, 2013.  (Docket 40 at pp. 3, 11).  Mr. Boyter did not object to the defendants' statement that "[the] [j]ail [m]aintenance [l]og show[s] that the problem with Boyter's toilet was reported on or about September 15, 2013."  Docket 35 at ¶ 7; see also Fed. R. Civ. P. 56(e)(2).  Mr. Boyter also produced no admissible evidence indicating otherwise.  In order to survive a motion for summary judgment, more is required than Mr. Boyter's unsupported assertions.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 n.3 (1986) ("When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading . . . ."); Mendonca v. Winckler, No. CIV. 12-5007-JLV, 2013 WL 6528854, at *3 (D.S.D. Dec. 11, 2013), report and recommendation adopted, No. CIV. 12-5007-JLV, 2014 WL 1028392 (D.S.D. Mar. 18, 2014) ("Once the movant has met its burden, the nonmoving party may not simply rest on the allegations in the pleadings, but must set forth specific facts by affidavit or other evidence, showing that a genuine issue of material fact exists.") (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Caffey v. Miller, No. 4:05-CV-01124GTE, 2007 WL 3125104, at *5 (E.D. Ark. Oct. 24, 2007).

The magistrate judge provided a thoughtful and well-reasoned discussion of Mr. Boyter's cruel and unusual punishment claim in the context of the of defendants' qualified immunity defense.  The court will not repeat that analysis.  However, the court amends the report and recommendation to reflect that Mr. Boyter left the Pennington County Jail on October 30, 2013.  (Docket 34-1).[4]  While this alters the magistrate judge's "12-day" analysis, the magistrate judge's underlying analysis and legal conclusions remain unchanged.  See Docket 40 at pp. 10-13.

Mr. Boyter failed to "support his case with any affidavits, medical records or other documents as required by Fed. R. Civ. P. 56(c)."  (Docket 40 at p. 11).  Mr. Boyter submitted no proof he "suffered [a] degenerative hearing loss" as a result of the toilet.  Id. at 12.  "Mr. Boyter admits that the noise from the toilet was not constant, but that it went on for 2-3 hours after the toiled was flushed."  Id.  "Mr. Boyter could escape the noise by leaving his cell during regular hours."  Id.  "[T]here is simply no medical or other objective evidence that there were serious effects, or threats, to Mr. Boyter's health posed by the toilet."  Id.  "[T]he defendants responded immediately when Mr. Boyter complained about his toilet, whether they were successful in fixing the toilet or not, Mr. Boyter cannot demonstrate that they were deliberately indifferent to his serious medical needs

---

[4]In light of Mr. Boyter's transfer to a holding cell and the Pennington County Jail having no further housing records for him after October 30 2013, the court accepts that Mr. Boyter was transferred from the Pennington County Jail on that date.

6

or that they demonstrated obduracy and wantonness." Id. "No other inmates complained about the noise of the toilets in cell blocks 3, 4, or 5." Id. at 11 (citing Docket 35).

In light of these considerations, the court finds even if the defendants did not fix Mr. Boyter's toilet on September 23, 2015, or before he left the Pennington County Jail on October 30, 2015, Mr. Boyter still has not alleged a violation of his constitutional rights.[5]

Mr. Boyter has not alleged conduct in violation of his Eighth Amendment rights, as applied by the Fourteenth Amendment. The defendants are entitled to qualified immunity. See Stanton v. Sims, 134 S. Ct. 3, 5 (2013) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law.") (internal quotation marks and citations omitted). Mr. Boyter's objections to the magistrate judge's report and recommendation are overruled.

---

[5] The parties dispute whether the toilet was ever fixed. The defendants provided copies of the jail's maintenance log indicating Mr. Boyter's toilet was examined on September 23, 2013. (Docket 34-2 at p. 2). Mr. Boyter introduced no evidence beyond his own claims that the toilet was not fixed on September 23, 2013. See Celotex Corp., 477 U.S. at 322 n.3. Mr. Boyter provided two conflicting assertions, both given under oath, as to whether his toilet was actually fixed. Compare Docket 5 at p. 4 (The amended complaint alleges the toilet was fixed.), with (Docket 38 at p. 2) (Mr. Boyter's motion for summary judgment asserts the toilet was never fixed.).

**2.     Negligence**

Mr. Boyter objects to the magistrate judge's report and recommendation because defendants admitted negligence. (Docket 42 at p. 1). Defendants did not admit negligence. Defendants merely pointed out the legal standard applicable to Mr. Boyter's cruel and unusual punishment claim.

> Even in the light most favorable to Boyter, it appears that he is merely alleging that the defendants were negligent or that they did not use due care in their attempts to fix his toilet. But, the Eighth Amendment "does not protect against mere acts of negligence." [Givens v. Jones, 900 F.2d 1229, 1232 (8th Cir. 1990)]. Moreover, "[t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care." Id. (quoting Whitney v. Albers, 475 U.S. 312, 319 (1986)). Certainly, Boyter's allegations are related to conduct that was not purported to be punishment. Unfortunately for Boyter, he can not [sic] establish anything beyond negligence or lack of due care on the part of the defendants.

(Docket 33 at p. 6); see also Docket 44 at p. 4 ("At most, Boyter is alleging shoddy workmanship by the Buildings & Grounds staff. Even if that is true, that jail staff was negligent and shoddy in its attempts to repair Boyter's toilet, such negligence is not protected by the 8th or the 14th Amendments.").

Defendants did not admit negligence. Defendants merely articulated the legal standard applicable to Mr. Boyter's claim of cruel and unusual punishment. Mr. Boyter did not plead a negligence claim. Mr. Boyter's objection to the magistrate judge's report and recommendation is overruled.

**3.     The Amended Complaint**

Because the issues are intertwined, the court addresses both Mr. Boyter's objection to the magistrate judge's report and recommendation on the basis that

8

he seeks leave to amend the complaint and his motion for leave to amend the complaint.  The court first considers Mr. Boyter's motion for leave to amend the complaint.  See Docket 45.

On July 6, 2015, Mr. Boyter requested leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a)(2).  (Dockets 45, 47).  Mr. Boyter asserts he needs to add a claim pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) against defendants, Fourth Amendment claims alleging unreasonable actions related to his detention, First Amendment claims alleging failure to be provided with meaningful access to the court, and to "restate his claims against the defendants to name all defendants in both their individual capacity for money judgment and their official capacities for injunctive relief."  (Docket 45 at p. 2).  Mr. Boyter asserts D.S.D. Civ. L.R. 16.1(11) exempts him from the requirements of Fed. R. Civ. P. 16.  (Docket 47). Mr. Boyter attached a copy of his proposed amended complaint to the motion. (Docket 45-1).

Mr. Boyter is subject to the good cause requirement of Fed. R. Civ. P. 16. D.S.D. Civ. L.R. 16.1 provides "[p]ursuant to Fed. R. Civ. P[.] 16(b), this court has determined that its pretrial conference procedures are inappropriate for certain types of cases and hereby exempts the following . . . [a]ctions brought without an attorney by a person in the custody of the United States, a state, or a state subdivision." D.S.D. Civ. L.R. 16.1(11).

9

The court exempted Mr. Boyter's case from its typical pretrial conference procedures. No order requiring a "form 52 report and scheduling information" was entered in Mr. Boyter's case. The court entered a "scheduling request" seeking scheduling information from all parties on June 10, 2014. (Docket 16). The parties were given until July 10, 2014, to respond. Id. On July 28, 2014, Mr. Boyter's response was filed. (Docket 25). Mr. Boyter stated he "accept[s] the schedule sent to [him]; however since [he] will be doing all of the case work on [his] own (Pro Se) [he is] requesting at this time a two week extension on all matters scheduled by your court's proposed motion."[6] Id.

After receiving defendants' and Mr. Boyter's response to the court's scheduling request, the magistrate judge issued a scheduling order establishing deadlines in Mr. Boyter's case. (Docket 26). The magistrate judge ordered "all motions to join additional parties or to amend the pleadings shall be filed with the court no later than September 2, 2014." Id. at 1. The magistrate judge further apprised the parties that "deadlines shall be extended only upon a motion *prior* to the expiration of the deadline and upon a showing of good cause." Id. (emphasis in original).

The Federal Rules of Civil Procedure emphasize the importance of compliance with the rules. The rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and

---

[6]At that point in time, only the defendants, not the court, had proposed tentative scheduling deadlines. See Docket 20.

proceeding." Fed. R. Civ. P. 1. After consultation with the parties, the magistrate judge's modified scheduling order was generated for that very reason. See Fed. R. Civ. 16(b)(1)(A). Under Rule 16, the court's scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also In re Milk Products Antitrust Litig., 195 F.3d 430, 437 (8th Cir. 1999) ("When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order.") (citations omitted); Cf. Fed. R. Civ. P. 6(b)(1)(B) ("When an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

"If a party files for leave to amend outside of the court's scheduling order, the party must show cause to modify the schedule." Popoalii v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008) (citing Fed. R. Civ. P. 16(b)); "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001). "If [the court] considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." In re Milk Products,195 F.3d at 437-38 (internal quotation marks omitted) (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998)).

11

Mr. Boyter fails to "make the requisite showing" of "good cause." Bradford, 249 F.3d at 809. Mr. Boyter asserts:

> At the time of bringing suit, [he] was being held at the Pennington County Jail in Rapid City, South Dakota without access to any legal books or legal research which would enable him to investigate and research his legal rights and the law pertaining to applicable legal remedies which may have been available to enable him to vindicate the deprivation of his rights.

(Docket 45 at pp. 1-2).

Mr. Boyter demonstrated the ability to amend his complaint while at the Pennington County Jail. See Dockets 1, 5 & 34-1 (Mr. Boyter filed his original complaint on September 18, 2013, his amended complaint on October 9, 2013, and he was transferred from Pennington County Jail on October 30, 2013.). The magistrate judge issued the scheduling order imposing the September 2, 2014, deadline to amend the pleadings on August 5, 2014, long after Mr. Boyter left the Pennington County Jail. (Docket 26). Mr. Boyter offers no explanation for his approximate ten-month delay in seeking to amend his complaint. Indeed, prior to the magistrate judge recommending the court grant defendants' motion for summary judgment and deny his motion for summary judgment, Mr. Boyter accepted the court's scheduling deadlines and demonstrated his prowess in seeking extensions when he required additional time in pursuing his claim. See Dockets 25, 41.

The court need look no farther than Mr. Boyter's lack of diligence and the absence of excusable neglect in failing to comply with the court's scheduling

12

order.  Mr. Boyter cannot avoid a perceived adverse court ruling by seeking to file an amended complaint.  Mr. Boyter's motion for leave to amend the complaint is denied.  See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.").  Having denied Mr. Boyter's motion for leave to amend the complaint, his objection to the magistrate judge's report and recommendation on this basis is overruled.

**4.     Qualified Immunity**

Mr. Boyter poses two rhetorical questions regarding the magistrate judge's qualified immunity analysis: (1) "Could the staff at Pennington County Jail establish that by confining an inmate in a jail cell with a toilet that flushed loudly and for hours at a time could be a violation of a constitutional or statutory right? YES!"; and (2) "Could the staff at Pennington County Jail establish that their actions in confining a human being in these conditions be unlawful? Well, if they were a 'reasonable official' , [sic] the answer would be YES!."  (Docket 42 at p. 3).  The magistrate judge's qualified immunity analysis is thorough and well-reasoned, and the court will not replicate it.  See supra Part 1.  To the extent Mr. Boyter objects to the magistrate judge's qualified immunity analysis, the objection is overruled.

## ORDER

Based on the above analysis, it is

ORDERED that the plaintiff's objections to the report and recommendation (Docket 42) are overruled.

13

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Veronica L. Duffy (Docket 40) is adopted as amended by the court.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket 32) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment (Docket 38) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint (Docket 45) is denied.

Dated September 27, 2015.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE